IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVE SOSNOWSKI, ) | |
| ) | |
| Plaintiff, ) | Case No.: 24-cv-2420 |
| ) | |
| v. ) | |
| ) | |
| ADVOCATE HEALTH AND ) | |
| HOSPITALS CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, DAVE SOSNOWSKI, through counsel, alleges the following against Defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION:

### Jurisdiction and Venue

1. Plaintiff brings this case under the Age Discrimination in Employment Act (the "ADEA") and the Americans with Disabilities Act (the "ADA").

2. He also brings claims under the Illinois Human Rights Act (the "IHRA").

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 29 U.S.C. § 626 (ADEA), 42 U.S.C. § 12117 (ADA), 28 U.S.C. § 1343 (civil rights), and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper in the Northern District of Illinois under 28 U.S.C § 1391 because Defendant resides here and because the acts giving rise to this action occurred in Chicago, Illinois.

### Parties

5. ADVOCATE HEALTH AND HOSPITALS CORPORATION ("Advocate") is an Illinois corporation.

6. DAVE SOSNOWSKI ("Sosnowski") was an employee of Advocate for over 48 years.

7. On March 6, 1974, Sosnowski began working at Advocate Trinity Hospital (then called "South Chicago Community Hospital") at 2320 E. 93rd St. in Chicago, Illinois.

8. For the last 32 or so of his 48+ years with Advocate, Sosnowski worked as a stationary engineer in the hospital's boiler room.

## Timeline of Events

9. On December 11, 2021, Sosnowski fell in an Advocate parking lot and injured his left knee.

10. On December 13, 2021, Sosnowski reported his knee injury to his bosses, Gideon Robbins ("Robbins") and Mark Overland ("Overland").

11. On December 27, 2021, Sosnowski needed to take a leave of absence due to pain and limitations from his injury.

12. On that day, December 27, 2021, Robbins created a "First Report of Injury"—formally reporting Sosnowski's work injury for the first time.

13. On December 28, 2021, Sosnowski made an internal workers' compensation claim with Advocate.

14. On March 28, 2022, Sosnowski, through his workers' compensation attorney, filed a workers' compensation claim with the Illinois Workers' Compensation Commission.

15. On April 5, 2022, Advocate gave Sosnowski a letter stating that he was being terminated as of that date because he had exhausted all his available leave time and was unable to return to work.

16. In August 2022, Sosnowski was released to return to work.

17. However, by then (August 2022), Advocate had filled Sosnowski's position.

18. On January 20, 2023, Overland (the Chief/Lead Engineer) reached out to Sosnowski to tell him that they were short-handed in the boiler room and that Advocate was looking to hire a new part-time engineer.

19. On January 24, 2023, Sosnowski applied to the position that Advocate had posted to fill the shortage (stationary engineer in the boiler room—a job Sosnowski had done for about 32).

20. On February 16, 2023, Advocate rejected Sosnowski's application.

21. On February 17, 2023—and again on February 22, 2023—Sosnowski emailed Robbins to ask why he had not been hired.

22. Robbins never responded.

23. On March 6, 2023, Advocate hired someone else for the position.

24. The man Advocate hired had not previously worked for Advocate.

25. The man Advocate hired was substantially younger than Sosnowski.

26. The man Advocate hired did not have a record of disability like Sosnowski did (or Advocate was not aware of such a record of disability when hiring him, at least).

### Count 1: ADEA

27. Sosnowski re-states paragraphs 1-26 as if copied and pasted here.

28. In March of 2020, Robbins, who had recently become Sosnowski's boss, questioned Sosnowski about how old he was, how long he planned to keep working, how old Overland (the Chief/Lead Engineer) was, and which engineer in the department was the youngest.

29. At the time Sosnowski applied for the job and was rejected (in early 2023), he was 69 years old.

30. The man Advocate hired instead of Sosnowski was substantially younger than Sosnowski.

31. Advocate chose not to hire Sosnowski because of his age.

32. Advocate's actions, as described above, were willful and violated the ADEA.

33. As a result of Advocate's violations of the ADEA, Sosnowski has been damaged; he has lost wages and benefits.

34. Sosnowski hired an attorney to help him vindicate Advocate's violations of his rights.

35. Sosnowski has exhausted his administrative remedies under the ADEA: he filed a charge of discrimination with the Illinois Department of Human Rights (the "IDHR"), which was cross-filed with the Equal Employment Opportunity Commission (the "EEOC"); on February 27, 2024, the EEOC sent him notice of his right to sue under the ADEA; and he is filing this complaint within 90 days of his receipt of that notice.

WHEREFORE, Sosnowski requests that Advocate be held liable and that he be awarded all damages to which he is entitled, including but not limited to:

   a. back pay and benefits;
   b. liquidated damages or, as an alternative, prejudgment interest;
   c. front pay and benefits;
   d. attorneys' fees;
   e. other appropriate equitable and/or injunctive relief, such as a tax offset payment;
   f. expenses (including expert expenses); and
   g. costs.

### Count 2: IHRA
### (Age Discrimination)

36. Sosnowski re-states paragraphs 1-26 and Count 1 as if copied and pasted here.

37. Advocate's conduct, as described in Count I, also violated the IHRA and warrants an award of punitive damages.

38. As a result of Advocate's violations of the IHRA, Sosnowski has been damaged: he has lost wages and has suffered emotional distress.

39. Sosnowski hired an attorney to help him vindicate Advocate's violations of his rights.

40. Sosnowski exhausted his administrative remedies under the IHRA: he filed a charge at the IDHR; the IDHR issued Notice of Dismissal on December 27, 2023 which he received

(through his attorney) on or around January 16, 2024; and he is filing this lawsuit within 90 days of receiving the dismissal.

WHEREFORE, Sosnowski requests that Advocate be held liable and that he be awarded all damages to which he is entitled, including but not limited to:

    a. actual damages, including for emotional distress;
    b. back pay and benefits;
    c. prejudgment interest;
    d. front pay and benefits;
    e. punitive damages;
    f. attorneys' fees;
    g. other appropriate relief to make Sosnowski whole, such as a tax offset payment;
    h. expenses (including expert expenses); and
    i. costs.

### Count 3: ADA

41. Sosnowski re-states paragraphs 1-26 as if copied and pasted here.

42. As of March 2023 (when Advocate refused to hire Sosnowski and hired someone else), Sosnowski had a record of disability.

43. Specifically, Sosnowski's work injury (falling on his knee) had substantially limited his ability to walk for approximately 8 months.

44. By March 2023, however, Sosnowski was fully capable of doing the job for which he had applied (and the one he had previously done for about 32 years).

45. Advocate chose not to hire Sosnowski because of his record of disability.

46. Advocate's conduct, as described above, violated the ADA and warrants an award of punitive damages.

47. As a result of Advocate's violations of the ADA, Sosnowski has been damaged; he has lost wages and has suffered emotional distress.

48. Sosnowski hired an attorney to help him vindicate Advocate's violations of his rights.

49. Sosnowski has exhausted his administrative remedies under the ADA: he filed a charge of discrimination with the IDHR, which was cross-filed with the EEOC; on February 27, 2024, the EEOC sent him notice of his right to sue under the ADA; and he is filing this complaint within 90 days of his receipt of that notice.

WHEREFORE, Sosnowski requests that Advocate be held liable and that he be awarded all damages to which he is entitled, including but not limited to:

   a. back pay and benefits;
   b. prejudgment interest;
   c. front pay and benefits;
   d. compensatory damages, including for emotional distress;
   e. punitive damages;
   f. attorneys' fees;
   g. other appropriate equitable and/or injunctive relief, such as a tax offset payment;
   h. expenses (including expert expenses); and
   i. costs.

### Count 4: IHRA
### (Disability Discrimination)

50. Sosnowski re-states paragraphs 1-26 and Count 3 as if copied and pasted here.

51. Advocate's conduct, as described in Count 3, also violated the IHRA and warrants an award of punitive damages.

52. As a result of Advocate's violations of the IHRA, Sosnowski has been damaged; he has lost wages and has suffered emotional distress.

53. Sosnowski hired an attorney to help him vindicate Advocate's violations of his rights.

54. Sosnowski exhausted his administrative remedies under the IHRA: he filed a charge at the IDHR; the IDHR issued Notice of Dismissal on December 27, 2023 which he received (through his attorney) on or around January 16, 2024; and he is filing this lawsuit within 90 days of receiving the dismissal.

WHEREFORE, Sosnowski requests that Advocate be held liable and that he be awarded all damages to which he is entitled, including but not limited to:

a. actual damages, including for emotional distress;
b. back pay and benefits;
c. prejudgment interest;
d. front pay and benefits;
e. punitive damages;
f. attorneys' fees;
g. other appropriate relief to make Sosnowski whole, such as a tax offset payment;
h. expenses (including expert expenses);
i. and costs.

## Jury Demand

Sosnowski demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully submitted by:

/s/Julie Herrera
/s/ Steve Molitor

Law Office of Julie O. Herrera
159 N. Sangamon St., Ste. 200
Chicago, IL 60607
Phone: 312-479-3014
Fax: 708-843-5802
jherrera@julieherreralaw.com
smolitor@julieherreralaw.com

Date: 3/25/2024

7